UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
MR. EDDIE C. CASH,

              Plaintiff,     :     **REPORT & RECOMMENDATION**

        -against-       :     **12 Civ. 4652 (LAK)(MHD)**

MR. MICHAEL BROWN   and
NAKED PIZZA,           :

       Defendants.   :
----------------------------------x

                      6/28/14

TO THE HONORABLE LEWIS A. KAPLAN,
UNITED STATES DISTRICT JUDGE:

    Plaintiff Eddie Cash commenced this pro se action pursuant
to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42
U.S.C. §§ 2000e to 2000e-17, on June 13, 2012, alleging
discrimination on the basis of race by his employer, Naked
Pizza, and specifically by his supervisor, Michael Brown
("Brown"). (See Compl. (Dkt. No. 2)). We were referred this case
for general pretrial purposes on June 29, 2012. (See Order of
Referral (Dkt. No. 7)).

    On August 13, 2012, we issued a Report and Recommendation
recommending that plaintiff be directed to file an amended
complaint (Dkt. No. 10), which was subsequently adopted by the
District Court on September 5, 2012. (Dkt. No. 11). Plaintiff
filed his amended complaint on October 5, 2012. (Dkt. No. 12).

1

On November 29, 2012, we issued a Report and Recommendation recommending that plaintiff's complaint be dismissed for failure to state a claim. (Dkt. No. 13). The District Court declined to adopt this report, and subsequently issued an order of service directing plaintiff to serve the amended complaint upon defendants Brown and Naked Pizza within 120 days of the issuance of the summons. (Dkt. Nos. 14, 15).

On February 7, 2013, a summons was issued as to Michael Brown and Naked Pizza. On February 28, 2013, the Marshal's Service reported that it had attempted to serve the summons on Naked Pizza on February 27, 2013, but was unsuccessful. (Dkt. No. 18). On March 11, 2013, the Marshal's Service reported that it had attempted to serve Michael Brown on February 28, 2013, but process was returned marked "not deliverable as addressed." (Dkt. No. 20). The Marshal's Service re-mailed service on March 8, 2013, but process was returned unexecuted marked "insufficient address." (Id.).

On July 15, 2014, we sent a letter to plaintiff extending his time to serve defendants to November 12, 2013. On November 12, 2013, we received a letter from plaintiff requesting that the court grant him another extension of time to serve

2

defendants, and stating that he was "close to locating Mr. Brown and Naked Pizza's head office" and that it was "hard" to serve Brown because he "lives in Westchester County". (Dkt. No. 21). In that letter, plaintiff stated that Naked Pizza had gone out of business in New York City but was still operating in New Jersey and other states. (Id.). He also stated that he had "somebody" to do the serving for him and that he would like to do the serving himself. (Id.).

On November 25, 2013, we sent another letter to plaintiff further extending his time to serve defendants to March 12, 2014. Since that time, we have not received any further communication from plaintiff nor any updates from the Marshals Office as to the status of service on defendants.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

3

While acknowledging that the court has an "obligation . . . to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training", Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983), we have already extended plaintiff's time to serve defendants on two separate occasions, giving him a total of nine extra months to effect service.

It should be noted that plaintiff originally relied upon service by the United States Marshals, which is one factor that may excuse a failure to effect timely service under Fed. R. Civ. P. 4(m). See Jaiyeola v. Carrier Corp., 73 Fed. App'x 492, 494 (2d Cir. 2003). See also Kavazanjian v. Rice, 2005 WL 1377946, at *2 (E.D.N.Y. June 7, 2005) (citing the "numerous courts that have held that good cause under Rule 4(m) is automatically established when the Marshal's Office has failed to effect service so long as the plaintiff has provided the information necessary to identify the defendants"). However, we previously took account of plaintiff's reliance on the U.S. Marshals for service when we granted two lengthy extensions of plaintiff's service deadline. Moreover, in his November 12, 2013 letter, plaintiff informed the court that he would be effecting service

4

himself, instead of relying on the U.S. Marshals. (See Dkt. No.
21).

Thus, because plaintiff has failed to properly serve
defendants Brown and Naked Pizza within the 120-day filing
window, as well as within the extra nine-month extended window
granted to him by the court, we recommend that his complaint be
dismissed without prejudice. We also recommend that the Court
certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal
from this Order would not be taken in good faith, and that in
forma pauperis status therefore be denied for the purpose of an
appeal. See Coppedge v. United States, 369 U.S. 438, 444-45
(1962).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the
Federal Rules of Civil Procedure, the parties shall have
fourteen (14) days from this date to file written objections to
this Report and Recommendation. Such objections shall be filed
with the Clerk of the Court and served on all adversaries, with
extra copies to be delivered to the chambers of the Honorable J.
Lewis A. Kaplan, Room 2240, 500 Pearl Street, New York, New
York, 10007, and to the chambers of the undersigned, Room 1670,
500 Pearl Street, New York, New York, 10007. Failure to file

5

timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED:  New York, New York**
**        June 27, 2014**

                              **RESPECTFULLY SUBMITTED,**

                              **MICHAEL H. DOLINGER**
                              **UNITED STATES MAGISTRATE JUDGE**

Copies of the foregoing Report & Recommendation have been sent today to:

Mr. Eddie C. Cash
1871 7th Avenue
Apt. 7E
New York, NY 10026